## NATIONAL BANK OF BRUNSWICK v. LEE et al.

1. Under a written contract the parties to which were a bank, a manufacturer, and one of his customers, whereby it was agreed that the bank should advance funds to the manufacturer to enable him to carry on his business, holding as collateral security the legal title to all goods subsequently manufactured by him, and that when goods purchased by such customer were consigned to him he should acquire possession thereof as the bailee of the bank, and should sustain that relation to it until its title to the goods should be divested by actual payment to it of the purchase-price, the bank could in no event be held accountable to the manufac-

turer for any greater sum than was actually paid to it by such customer, unless it wrongfully consented that title to the goods should pass into him without payment therefor in full by the latter.

2. The plaintiff's action being predicated upon a contract of the nature above indicated, and the same having been erroneously construed by the trial judge, there should be another hearing in the light of the construction placed upon the contract by this court.

Argued November 22, — Decided December 16, 1898.

Equitable petition.   Before Judge Sweat.   Glynn superior court.   December term, 1897.

An action was brought by W. P. Lee against the National Bank of Brunswick and William D. Wheelwright & Company, upon a contract of which the following is a copy: "This agreement, made and entered into on this the 15th day of May, A. D. 1894, by and between William P. Lee, of Ware county, Georgia, the party of the first part, and hereinafter styled the first party, William D. Wheelwright & Co., of New York, New York, but with a branch office and doing business at Brunswick, Glynn county, Georgia, and elsewhere in said State of Georgia, the party of the second part, hereinafter styled the second party, and the National Bank of Brunswick, Ga., a corporation carrying on a banking business at Brunswick, Glynn county, Georgia, the party of the third part and hereinafter styled the third party, witnesseth, that whereas the said first party is engaged in the manufacture of railroad cross-ties in Wayne county, which ties, when cut and hewn, are under contract to be delivered and sold to the second party, but in order to successfully carry on said business advances are required from the third party to the first party to enable him, by the use of the money of the third party, to successfully cut, manufacture, and deliver the said ties, which advances the said third party is willing to make for a reasonable sum, but without binding itself to continue the same indefinitely, and at its option to discontinue the same without notice; and whereas it has been agreed between the said three parties that for any advances made to the first party by the third party, the same shall be secured upon ties already cut and in process of cutting, and when the same are delivered unto the second party the title

shall not pass as against the third party,, but. the said third'
party shall hold the title to the said ties cut or in process of cut--
ting, until the same are fully paid for; but such title shall be
divested by the payment unto the third party by the second ·
party of the agreed contract price per tie delivered unto the said
second party by the said first party, on the cars at the point of"
shipment on the line of the East Tennessee, Virginia & Georgia
Railroad in Wayne county, Georgia, consigned to the said second
party at Brunswick, Georgia. Now, in consideration of the
premises, and the sum of five dollars mutually paid by each
party to the other, it is hereby contracted and agreed as follows :.
First, that the said first party does hereby convey the title ab-
solutely unto the said third party to all. ties now cut, as well as.
such as may be hereafter cut and manufactured by the first.
party in Wayne county, Georgia, for shipment unto the said
second party at Brunswick, Georgia.. Second, that the said'
second party shall receive the said ties at the point of delivery,.
Brunswick, Georgia, after the same have been duly inspected
by the said second party or its agents at point of loading, and
that the said second party shall hold said ties as the agent of"
said third party until it (the second party) shall have turned
over to the third party the purchase-price of said ties so re-
ceived and accepted by the said. second party, when the title
shall vest absolutely in the second party, but the said second
party, after the delivery to it of said ties in. Wayne county,
Georgia, shall hold the same as the property of the third party,.
and not ship the same out of the port of Brunswick, Georgia,
until it has first settled with and to the satisfaction of the third
party for the purchase-price thereof, and during said interval
the said second party shall be a bailee merely of said party.
In testimony of all of which, the said parties have executed this
contract in triplicate, the said first party signing in person,
the said second party signing by and through its duly author--
ized agent, L. D. Hill (stationed at Brunswick, Georgia), and
the said third party signing by and through its president,
H. W. Reed, this the day and year first above written."

A verdict was rendered. in. favor of the plaintiff against the·
bank. It moved for a new. trial, which was denied, and it ex-·

·cepted.   The remaining facts essential to an understanding of the decision rendered in this case appear in the opinion.

   *Goodyear & Kay* and *Brantley & Bennet,* for plaintiff in error.
   *Toomer & Reynolds* and *Crovatt & Whitfield,* contra.

   LUMPKIN, P. J.   At the trial of this case in the court below, the judge in effect instructed the jury that under the contract, a copy of which appears in the official report, the bank was liable to account to W. P. Lee for the full amount of the contract price of all ties shipped by him to Wheelwright & Co.; that it was the right of the bank, under the terms of this contract, to first satisfy its claims for all advances of money made to Lee, and, if there should be anything left from the price of the ties, then that would be coming to Lee from the bank, and he could maintain his suit for the recovery thereof.   The court refused to give in charge to the jury a number of written requests presented by counsel for the bank, to the effect that the purpose of this contract, so far as the bank was concerned, was merely to secure it for money advanced to Lee to enable him to manufacture cross-ties to be shipped to Wheelwright & Co., and, to this end, to vest in the bank the legal title thereto, simply to secure it in making such advances; and further, that the bank was not bound to account to Lee for the full amount of the contract price of all the ties shipped to Wheelwright & Co., but only to properly, honestly, and accurately account to Lee and pay to him all money actually received by the bank from Wheelwright & Co. on account of ties delivered to them, after deducting whatever sum or sums Lee was indebted to the bank for sums advanced to him.   The case turned mainly upon the construction to be given this contract.   If that placed upon it by the court was wrong, there should be another hearing.   We are of the opinion that the true intent and meaning of the contract was that indicated in the first headnote.   To hold otherwise would be to make the bank an absolute purchaser of the ties, and this certainly was never in the contemplation of the parties.   On the other hand, this contract shows a manifest intention on the part of Lee to sell the ties to Wheelwright & Co. on credit, trusting to the solvency and hon-

esty of this firm for payment.   The only interest the bank had in the matter was to secure to itself the repayment of whatever sums it might advance to Lee in order to enable him to carry on his business.   It can not, we think, be fairly gathered from the terms of the contract that the bank undertook, in any manner, to guarantee payment for the ties by Wheelwright & Co. On the contrary, it required that the full amount of the price of these ties should be paid to it, and that it should hold title to the same until paid for, simply as a matter of security to itself.   From the very nature of the business, it was essential that the bank should do this, for it was contemplated that it would be constantly making advances to Lee, and that all the proceeds of the ties should pass through its hands in order that it might at all times have under its control a fund for its reimbursement.   Clearly, the bank was not the agent of Lee in the sense that it was bound to represent him with reference to disputes arising between him and Wheelwright & Co., as to whether or not the ties came up to specifications, or as to other matters upon which Wheelwright & Co. might base a claim for a reduction of the contract price.   Of course, the bank was accountable to Lee for every dollar it actually received over and above the amount of its advances, and it was also bound to exercise the utmost good faith in collecting from Wheelwright & Co. all sums for which they were confessedly indebted to Lee on account of ties shipped to them.   If the bank collusively permitted Wheelwright & Co. to ship ties from the port of Brunswick without paying or accounting for the same at all, it would doubtless be liable to Lee for whatever loss might thus be occasioned to him; but as long as it in good faith itself observed and endeavored to carry out the terms of the contract as we have herein construed it, the bank would not be liable to account to Lee for more than it actually received.

We will not discuss the case as made by the evidence, nor deal further with the questions presented in the record.   It would hardly be profitable to do so, for the reason that because of the fundamental error of the court in construing the contract above referred to, the case was tried upon an entirely erroneous theory.   Let the next trial be had in the light of what

is here laid down as the true intent and meaning of the contract which forms the basis of the plaintiff's action.

*Judgment reversed. All the Justices concurring.*